# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK J. COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-08-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Patrick J. Cole requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born February 2, 1983 and was twenty-six years old at the time of the administrative hearing (Tr. 82, 223). He attended the eleventh grade (Tr. 102), and has worked as laborer (Tr. 99). The claimant alleges that he has been unable to work since January 30, 2008 due to paranoid schizophrenia and dyslexia (Tr. 98).

## Procedural History

On January 30, 2008, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 82-84, 94). His application was denied. ALJ Osly F. Deramus conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 28, 2009 (Tr. 9-16). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform a full range of work at all exertional levels; however, the ALJ limited the claimant to only performing simple tasks on a routine basis, only relating to supervisors and coworkers for work purposes, only adapting to a simple work situation, and avoiding working with the general public.

(Tr. 13). The ALJ concluded that the claimant was not disabled because he could return to his past relevant work as a construction laborer (Tr. 15).

## Review

The claimant contends that the ALJ erred (i) by rejecting the treating physician's opinion, and (ii) by ignoring numerous Global Assessment of Functioning ("GAF") scores. Because the ALJ does appear to have ignored probative evidence regarding the claimant's mental impairments, the decision of the Commissioner must be reversed.

The relevant medical evidence shows that the claimant was treated at Carl Albert Community Mental Health Center (CACMHC) from June 2007 to October 2007, when he moved out of the area. On his intake form, the claimant was assessed as having a GAF of 50 (Tr. 167, 175). On the discharge summary, the Axis I diagnosis was "Schizophrenia paranoid," and the claimant was assigned a GAF of 45. (Tr. 157-59). On October 15, 2007, the claimant was assessed by a counselor at Grand Lake Mental Health Center (GLMHC). The claimant's Axis I diagnosis was major Depression, recurrent, with psychotic features and amphetamine abuse, and the claimant had a GAF of 43 (Tr. 190-93). Dr. Thomas Conklin, Jr., completed a "Mental Status Form" for the claimant on March 11, 2008. Although some of his handwritten notes are difficult to decipher, it appears that Dr. Conklin diagnosed the claimant with paranoid schizophrenia, and indicated that he had a poor prognosis for recovery and was unable to carry out simple or complex instructions or respond to work pressure, supervision, and coworkers (Tr. 198). Additionally, Dr. Conklin completed a "Medical Source Statement" ("MSS") on May 21, 2009, noting that the claimant had extreme limitations with understanding and

remembering detailed instructions and making judgments on simple work-related decision; that the claimant's impairments affected his ability to understand, remember, and carry out instructions, as well as his ability to respond appropriately to supervision, co-workers, and work pressure in a work setting; that the claimant had moderate limitations interacting appropriately with the public, supervisors, and co-workers, as well as responding to work pressure in a work setting and changes in a routine work setting, and understanding and remembering detailed instructions; and that he could not manage benefits in his own interest (Tr. 219-20). Dr. Conklin based his assessment on the claimant's schizophrenia (Tr. 219).

Also part of the medical evidence was a state psychiatric review of the medical evidence (Tr. 200-12). The state reviewer diagnosed the claimant with depression, recurrent, with psychotic features, and amphetamine abuse (Tr. 212). Additionally, the state reviewer completed a mental RFC on the claimant, finding that the claimant was markedly limited in understanding, remembering, and carrying out detailed instructions, and in interacting with the general public (Tr. 214-15). However, the state reviewer found that the clamant was not significantly limited in any other areas, and stated, "Claimant can perform simple tasks on a routine basis due to psychological plans for medication management and individual rehabilitation. He can relate to supervisors and coworkers for work purposes but should avoid working with the general public. He can adapt to simple work situations." (Tr. 216).

The ALJ found that the claimant had the severe impairment of major depression with psychotic features (Tr. 11). In his written decision, the ALJ noted the claimant's

testimony, his mother's testimony, and treating physician notes, and that he was treated at the CACMHC and GLMHC. (Tr. 14). However, he failed to discuss *any* of the GAF scores in the record. The ALJ then adopted the state psychiatric review of claimant's medical records, and concluded that the claimant was not under a disability (Tr. 15).

"Although the GAF rating may indicate problems that do not necessarily relate to the ability to hold a job," *see Oslin v. Barnhart*, 69 Fed. Appx. 942, 947 (10th Cir. 2003) [unpublished opinion], "[a] GAF score of fifty or less . . . *does* suggest an inability to keep a job," *Lee v. Barnhart*, 117 Fed. Appx. 674, 678 (10th Cir. 2004) [emphasis added] [unpublished opinion], *citing Oslin*, 69 Fed. Appx. at 947. The ALJ should have considered the low GAF scores and whether they were due to occupational factors. *See Simien v. Astrue*, 2007 WL 1847205 at *2 (10th Cir. June 28, 2007) ("The ALJ was tasked with determining the level of [claimant's] functioning within the six domains, yet he made no mention of [claimant's] GAF ratings. We agree . . . that he could not simply ignore this evidence.") [citation omitted]; *Givens v. Astrue*, 251 Fed. Appx. 561, 567 n.4 (10th Cir. 2007) (noting that "the Commissioner argues that a low GAF score may indicate problems that do not necessarily relate to the ability to hold a job[,]" but finding that "[e]ven assuming this is true, the ALJ's decision does not indicate he reached the conclusion that Ms. Givens' low GAF score was due to non-occupationally-related factors.") [quotation marks omitted] [unpublished opinion]; *see also Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").

Because the ALJ failed to discuss probative evidence inconsistent with his RFC determination, the Court cannot determine whether he actually considered it. *See, e. g., Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan*, 933 F.2d 598, 603 (7th Cir. 1991). *See also Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted]. Instead, the ALJ should have discussed the evidence supporting his decision and explained his rejection of the evidence that did not. *See, e. g., Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). *See also Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (remanding "for the ALJ to articulate specific findings and his reasons for ignoring . . . evidence."). Consequently, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis of the claimant's mental RFC. If on remand there is any adjustment to the claimant's mental RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is

therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of September, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma